BELTON DOCKERY, APPELLANT, v. CHARLES E. AYERS, SHERIFF OF UNION COUNTY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 27, 1950—Decided March 13, 1950.

Before Judges JACOBS, EASTWOOD and JAYNE.

*Mr. Joseph Bult* argued the cause for the appellant.

*Mr. H. Russell Morss, Jr.,* argued the cause for the respondent (*Mr. Edward Cohn,* Union County Prosecutor, attorney).

The opinion of the court was delivered by

JACOBS, S. J. A. D.  This is an appeal from a judgment entered in the Union County Court denying the appellant's application for a writ of *habeas corpus.*

On September 14, 1949, the appellant Belton Dockery was convicted of operating a motor vehicle while under the influence of intoxicating liquor· and sentenced by the Municipal Magistrate of the City of Linden to pay a fine of $500 and imprisonment for ninety days.  In default of payment of the fine he was sentenced to an additional ninety days' imprisonment.  No appeal was taken from the conviction and sentence but in December, 1949, application was made to the Union County Court for a writ of *habeas corpus* on the ground that

the Magistrate did not have jurisdiction to impose a sentence of imprisonment in excess of three months and that, consequently, the judgment was illegal. The County Court denied the application on procedural grounds, as well as upon its finding that the sentence was lawful.

*R. S.* 39:4–50 provides that a person who operates a motor vehicle while under the influence of intoxicating liquor shall be subject, for a first offense, "to a fine of not less than two hundred nor more than five hundred dollars, or imprisonment for a term of not less than thirty days nor more than three months, or both, in the discretion of the magistrate." This statutory language is not in any wise ambiguous and, although the sentence imposed by the Magistrate was the maximum, it did not exceed the statutory limits. Under *R. S.* 39:5–36 imprisonment was authorized in the event of default in the payment of the fine. The appellant relies on a proviso in this statute that "such imprisonment" shall not in any case exceed three months; it seems clear to us that, although this prescribes the maximum imprisonment for failure to pay the fine, it does not affect the independent term of imprisonment imposed by the Magistrate to which it may properly be added. A contrary view would not only depart from the primary meaning of the language used but would also disregard the legislative contemplation that both fine and imprisonment within *R. S.* 39:4–50 may be imposed and that upon failure to pay the fine additional imprisonment within *R. S.* 39:5–36 may likewise be imposed.

The appellant points out that under *R. S.* 39:4–50 a second offender's imprisonment may not exceed three months and urges that the Legislature could not have intended that greater imprisonment be imposed in any case upon a first offender. Prior to 1926 the Legislature had provided that a person operating a motor vehicle while under the influence of intoxicating liquor shall be imprisoned for not less than thirty days nor more than six months and shall forfeit his right to operate a motor vehicle without the privilege of obtaining a new license for a period of one year and for a period of five years in the event he was a second offender. *P. L.* 1924, *c.*

211, § 6, *p.* 458. In 1926 the Legislature altered the penalties (*P. L.* 1926, *c.* 152, § 1, *p.* 255) and adopted the provisions now substantially embodied in *R. S.* 39:4–50. Under these provisions Magistrates are given wide discretion in dealing with first offenders. They may impose fine, imprisonment, or both, as the circumstances of the particular case warrant, and, in addition, the defendant forfeits his license to operate a motor vehicle for a period of two years.

When dealing with second offenders the discretion of the Magistrate is removed and it is provided that the defendant "shall be imprisoned for a term of three months and shall forfeit his right to thereafter operate a motor vehicle over the highways of this state." In general, this punishment will operate with considerably greater severity than that imposed upon first offenders. It is apparently true that the practical result of the Legislature's omission of any provision for fine is that second offenders may not be subjected to imprisonment beyond three months as was the appellant upon his default of payment. We are not concerned with the wisdom of the omission. Presumably, the Legislature considered that the permanent forfeiture of the right to operate a motor vehicle within this State, coupled with imprisonment for a term of three months, was sufficient to deal with second offenders.

The judgment of the County Court is affirmed.